UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM WELLS, et al.,

    Plaintiffs,

v.

BRANDON RHODES, et al.,

    Defendants.

Case No. 2:11-CR-217
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court on Defendants Larry Matthew Gandee and D.G.'s Motion for Relief from Default Judgment (Doc. 75). For the reasons that follow, the Defendants' motion is **DENIED**.

### I. BACKGROUND

Plaintiffs William Wells and Priscilla Wells and their four children, Jalisa Gibson, Shanay Gibson, J.W., and J.D.W, bring this action against Defendants Brandon Rhodes, Alisa Dawn Gandee, Larry Matthew Gandee, and D.G., making the following allegations in their Complaint: Plaintiffs, who are African-American, reside in rural Marengo, Morrow County, Ohio. Defendants, who are white, also reside in Marengo, near Plaintiffs. There are very few, if any, African Americans living in Marengo. (*Id.* at ¶ 2.)

During the evening of March 2, 2011, Defendants Brandon Rhodes and D.G. soaked a large wooden cross with alcohol, wrote on the horizontal bar of the cross in large letters "KKK Will Make U Pay," wrote on the vertical part of the cross the word "NIGGER" in large letters, and

set the cross on fire on Plaintiffs' lawn. (Am. Compl. ¶ 4.) Plaintiffs discovered the charred cross on their lawn when they awoke the following morning. Plaintiffs then notified law enforcement authorities. (*Id.* at ¶ 6.)

Plaintiffs Shanay Gibson, J.W., and J.D.W. attend the same high school as Defendant D.G. On March 4, 2011, D.G. bragged to his friends that he was involved in the cross burning. When he saw Shanay Gibson at school, he stared at her intensely. D.G. sent Shanay Gibson a "friend request" on the social networking website, Facebook. (*Id.* at ¶ 7.) Prior to the cross burning, D.G. had regularly made taunting, derogatory, intimidating, and harassing comments to Shanay Gibson and J.W. because of their race. (*Id.* at ¶ 10.) Approximately one week after the cross-burning incident, D.G. attempted to contact J.W. by sending him a "friend request" on Facebook. (*Id.* at ¶ 12.)

The Morrow County Sheriff's department began investigating the cross burning. Plaintiffs were fearful that their lives were in danger. (*Id.* at ¶ 8.) At some point, Defendant Brandon Rhodes' parents came to the Plaintiffs' residence and stated that Brandon Rhodes had confessed to them that he was involved in the cross burning. (*Id.* at ¶ 9.)

Plaintiffs claim that Defendants' actions have terrorized them, as detailed in the Complaint, and caused them severe emotional and mental distress. Plaintiffs claim violations of 42 U.S.C. § 1982, 42 U.S.C. § 1985(3), 42 U.S.C. § 3617, and Ohio Revised Code § 2307.70 (ethnic intimidation based on race). (*Id.* at ¶¶ 14–17.) Plaintiffs further allege that Defendants Larry Matthew Gandee and Alisa Dawn Gandee are subject to Ohio Revised Code § 2307.70 and § 3109.09 because they are the parents of the minor, D.G., who engaged in ethnic intimidation against Plaintiffs based on their race and willfully damaged Plaintiffs' property. (*Id.* at ¶¶ 18–19.)

2

On July 13, 2011 Plaintiffs filed a motion for entry of default and default judgment against Defendant Alisa Dawn Gandee (Doc. 41), who had been served with the summons and complaint on June 8, 2011 (Doc. 34). On August 2, 2011, the Court referred this matter to the Magistrate Judge for a hearing and report and recommendation. The Magistrate Judge held a hearing on August 22, 2011, at which Defendants Alisa Dawn Gandee and Larry Matthew Gandee appeared. At the hearing, Plaintiffs amended their motion for default judgment to include Defendants Larry Gandee and D.G., who had been served with the summons and complaint on June 8, 2011 (Docs. 35, 33).

On September 22, 2011, the Magistrate Judge recommended that Plaintiffs Jalisa Gibson, Shanay Gibson, J.W., Priscilla Wells, and William Wells each be awarded $2500 in compensatory damages in addition to court costs, other reasonable expenses incurred in maintaining that action, and reasonable attorneys' fees incurred in filing suit and obtaining default judgment against Defendants Alisa Dawn Gandee, Larry Matthew Gandee, and D.G (Doc. 53). No objections to the Magistrate Judge's Report and Recommendation were filed. On December 7, 2011, the Court adopted the Magistrate Judge's Report and Recommendation and granted Plaintiffs' July 13, 2011 motion for default judgment against Defendant Alisa Dawn and their amended motion for default judgment to include Defendants Larry Matthew Gandee and D.G. (Doc. 61).

Defendants Larry Matthew Gandee and D.G. now move for relief from the default judgment entered against them on December 7, 2011 under Federal Rules of Civil Procedure 55(c) and 60(b), contending that they were never served with summons and copies of the complaint, such that this Court lacked personal jurisdiction to enter judgment against them. Defendants also contend that the judgment entered against the minor, D.G., violates the provisions of Rule 17(c).

3

## II. DISCUSSION

Rule 55(c) states that "[t]he court may . . . set aside a default judgment under Rule 60(b)." Defendants contend that they are entitled to relief under Rules 60(b)(4), 60(b)(5), and/or 60(b)(6). Rule 60(b) states, in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:
> (4) the judgment is void;
> (5) . . . applying [the judgment] prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Court finds that neither Rule 60(b)(4) or 60(b)(5) apply in this situation. Therefore, the only inquiry is whether Rule 60(b)(6) provides Defendants with a basis for relief.

Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of Rule 60(b)(6), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001), *cert. denied*, 534 U.S. 1054 (2001). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal*, 249 F.3d at 524 (internal quotations and citations omitted).

Defendants' primary argument is that Plaintiffs' counsel's attempt to serve Defendants Larry Matthew Gandee and D.G. by personally serving the wife and mother, Defendant Alisa Dawn Gandee, at her place of employment does not constitute service of process under Rule 4(e).

4

(*See* Docs. 33, 35.) By virtue, Defendants contend, this Court lacked personal jurisdiction to enter default judgment against them.

The Court first notes that regardless of whether service was perfected upon the Defendants, the record reflects that Defendants had actual notice of the case pending against them. Plaintiffs' counsel served the summons and complaint for Defendants Larry Matthew Gandee and D.G. on Defendant Alisa Dawn Gandee, the wife and mother, at her place of employment on June 9, 2011. The summonses were returned executed on June 9, 2011. (*See* Docs. 33, 35.) Defendants did not appear. The Clerk then entered default against Defendant Alisa Dawn Gandee on August 2, 2011. (Doc. 43). Defendants Alisa Dawn Gandee and Larry Matthew Gandee then physically appeared at the hearing on Plaintiffs' motion for default judgment on August 22, 2011, at which Plaintiffs amended their motion for default judgment to include Defendants Larry Matthew Gandee and D.G. Their appearance at the hearing clearly indicates that they had actual notice of this case.

Moreover, at the hearing, Defendant Larry Matthew Gandee voluntarily interjected himself into the proceeding at least three times to personally address the Court. (*See* Doc. 81, at 3–5.) With the Court's permission, he also availed himself of the opportunity to cross-examine Plaintiff William Wells. Rules 4(e) and 4(k) collectively provide that unless federal law provides otherwise, state law may be followed with regard to service of a summons and the establishment of personal jurisdiction. Under Ohio law, personal jurisdiction over a defendant can be obtained through service of process, waiver, or "the voluntary appearance and submission of the defendant or his legal representative . . . to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St. 3d 154, 156 (Ohio 1984). While a defendant does not voluntarily submit to a court's jurisdiction by merely being present at a court proceeding, an act by the defendant such as "address[ing] the court, either personally, or through counsel," is sufficient to establish that the defendant has

5

"[v]oluntarily avail[ed] [himself] of the court's jurisdiction." *Young v. Young*, No. 00 BA 8, 2001 WL 503197, at *6 (Ohio Ct. App. May 7, 2001). At the August 22, 2011 hearing, Defendant Larry Matthew Gandee was more than merely present. The record reflects that he personally addressed the Court on more than one occasion and actively participated in the hearing by cross-examining Plaintiff William Wells. As such, he voluntarily availed himself of the Court's jurisdiction.

Furthermore, contrary to the Defendants' contention that Defendant D.G. is entitled to relief from the default judgment, Rule 55(b)(2) provides that the Court can enter a default judgment against a minor "if represented by a general guardian, conservator, or other like fiduciary who has appeared." It is undisputed that Defendant D.G.'s mother, Defendant Alisa Dawn Gandee, was properly served in this case and appeared at the August 22, 2011 hearing. (*See* Doc. 34.) Moreover, as discussed above, Defendant D.G.'s father, Defendant Larry Matthew Gandee, voluntarily availed himself of the Court's jurisdiction when he appeared and participated at the hearing. Thus, D.G. was represented by both of his parents at the hearing on the motion for default judgment.

Finally, the Court notes that no objections to the Magistrate Judge's September 22, 2011 Report and Recommendation (Doc. 53) granting default judgment against Defendants Alisa Dawn Gandee, Larry Matthew Gandee, and D.G. were filed. The parties were specifically advised that failure to object to the Report and Recommendation would result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. (Doc. 53 at 14.); *see Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties were also advised that even if timely objections were filed, appellate review of issues not raised on those objections would be waived.

6

*Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Despite knowledge of the pending default judgment against them, Defendants nevertheless failed to object.

The Court concludes that this is not one of those "unusual and extreme situations where principles of equity *mandate* [Rule 60(b)(6)] relief." *See Blue Diamond Coal*, 249 F.3d at 524. Though *absence* of actual notice could qualify for relief under Rule 60(b)(6), it is clear that Defendants had actual notice in this case. Defendants availed themselves of this Court's jurisdiction, and as such, are not entitled to Rule 60(b)(6) relief from the default judgment entered against them on December 7, 2011.

### III. CONCLUSION

For the foregoing reasons, Defendants Larry Matthew Gandee and D.G.'s Motion for Relief from Default Judgment (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

6-8-2012
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE