IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William Wells, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:11-cv-00217 |
| v. | : | Judge Sargus |
| Brandon Rhodes, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Court on plaintiffs' January 9, 2012 motion for an award of attorney fees pursuant to Ohio Revised Code § 2307.70 (doc. 66) and plaintiff's June 15, 2012 amended motion for attorney fees (doc. 100). Defendants D.G., Alisa Gandee, and Larry Gandee did not file a response to plaintiffs' motions.

In determining the amount of reasonable attorney fees to award, the usual method is the "lodestar" approach. Under this approach, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997). The reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). *See also Northcross v. Board of Education*, 611 F.2d 624, 638 (6th Cir.) ("[T]he court

1

should look to the fair market value of the services provided. In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney. "). Generally, the relevant community is "the jurisdiction where the case was tried." *Horace v. City of Pontiac*, 624 F.2d 765, 770 (6th Cir. 1980). However, "district courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Louisville Black Police Officers Organization, Inc. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Variance from the general rule of applying the hourly rates of the forum community should be made "only in the rare case where the 'special expertise" of non-local counsel was essential to the case, it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed." *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 226, 232 (2d Cir. 1987). *See also Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140-41 (8th Cir. 1982).

> If a high priced, out of town attorney renders services which local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service. On the other hand, there are undoubtedly services which a local attorney may not be willing or able to perform. The complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally.

*Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir. 1982). As the Sixth Circuit has explained, it is the function of the district court to calculate the number of hours

2

reasonably expended on the litigation and to establish a reasonable hourly rate. *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994).

> [A] district court must "provide a concise but clear explanation of its reasons" for the award. *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. "[The] district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir.1990).

*U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th. Cir. 1997). With these principles in mind, the Court will consider plaintiff's request for attorney fees.

Adequate billing records are essential if the court is to make a reasonable attorney fee award:

> '[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.' *United Slate, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). Where the documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. Although counsel need not "record in great detail" each minute he or she spent on an item, *Wooldrige v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990) (quoting *Hensley*, 461 U.S. at 437 n.12), "the general subject matter should be identified." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1071, 1020 (N.D. Ohio 1997)(citing *Hensely*, 461 U.S. at 424).

*Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

Attorney fees may be reduced when fee records fail to specify the amount of time spent on discrete tasks. Lumping legal tasks makes it difficult for the court to determine the reasonableness of the fees. *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 (N.D. Ohio 1997); *In re Continental Illinois Securities Litigation*, 572 F. Supp. 931, 935 (N.D. Ill. 1983). Similarly, fees may be reduced for unnecessary duplication.

3

*Coulter v. State of Tennessee,* 805 F.2d 146, 151-52 (6th Cir. 1986); *Hudson v. Reno,* 130 F.3d 1193, 1209 (6th Cir. 1998); *Blayde v. Harrah's Tunica Corp.,* 2011 WL 2604788 (W.D. Tenn. June 6, 2011). Finally, fees may be reduced when too many hours are spent performing specific legal tasks. *Coulter,* 805 F.2d at 150-52. *See, Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC,* 428 F.3d 717, 718 (7th Cir. 2005).

On December 7, 2011, the Court granted plaintiffs motion for default judgment against defendants D.G., Alisa Gandee, and Larry Gandee. Plaintiffs were awarded compensatory damages and their reasonable attorney fees incurred in filing suit and obtaining default judgment against defendants.

Counsel for plaintiffs submitted declarations stating that Raphael Davis-Williams expended 60 hours at $150.00 per hour, totaling $9,000.00 in attorney fees and that Alexander M. Spater 19.92 hours at $400.00 per hour, totaling $7,968.00. Additionally, plaintiffs seek their costs associated with filing suit and obtaining default judgment, including $350.00 for the federal court filing fee, $467.00 for the deposition fee, and $145.60 for the deposition transcript fee. Additional fees have been sought by an amended application. The total fees and costs sought equal $26,139.13.

The Court has considered all of these factors and concludes as follows. First, the total of the requested fees is reasonable, given the proceedings before this Court. Second, the hourly rate sought by Attorney Spater is somewhat higher than the hourly rates previously approved by this Court. Nonetheless, the Court notes that Mr. Spater is highly experienced. His hourly rate, when combined in this case with a much lower

4

rate by Mr. Davis-Williams, is therefore reasonable. Third, the objections to particular billing entries lodged by the defendants are without merit. The overall time billed in this case is reasonable and the overall rates charged are within prevailing market rates in Columbus, Ohio.

For the reasons stated above, plaintiffs' January 9, 2012 motion for an award of attorney fees pursuant to Ohio Revised Code § 2307.70 (doc. 66) is **GRANTED**. Plaintiffs' June 15, 2012 amended motion for attorney fees (doc. 100) is also **GRANTED**. Plaintiffs are awarded $26,139.13 in attorney fees and costs.

9-4-1012
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**