UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

WILLIAM WELLS, et al.,

    Plaintiffs,

v.

Case No. 2:11-CV-00217
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

BRANDON RHODES, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant D.G.'s motion for clarification regarding the default judgment from 2011. *See* doc. 135 (motion for clarification); *see also* doc. 41 (motion for default judgment); doc. 43 (Clerk's entry of default). The Court **GRANTS in part** and **DENIES in part** D.G.'s motion in accordance with this Opinion and Order.

### I.

This action stems from a cross-burning incident that occurred in March of 2011. The cross burning took place on the front lawn of Plaintiffs, an African-American family living in the town of Marengo, Ohio. *See* doc. 93 at 37. Shortly after the cross-burning incident, Plaintiffs brought both state- and federal-law claims, including claims under 42 U.S.C. § 1982, 42 U.S.C. § 1985(3), 42 U.S.C. § 3617 of the Fair Housing Act, and Ohio Revised Code § 2307.70. *See* doc. 1; *see also Wells v. Rhodes*, 928 F. Supp. 2d 920, 922–24 (S.D. Ohio 2013) (providing a more

1

detailed account of the factual background for this case). And they did so against Defendants Brandon Rhodes, D.G., Larry Matthew Gandee, and Alisa Dawn Gandee.

This case has gone down two different paths since then, one as to Mr. Rhodes and one as to the other Defendants. As for Mr. Rhodes, Plaintiffs eventually settled the claims. Doc. 133. As for D.G., Mr. Gandee, and Mrs. Gandee, they did not answer the March 2011 complaint. On July 13, 2011, Plaintiffs moved for default judgment only against Mrs. Gandee. Doc. 41. According to the language of the motion, Plaintiffs moved for default against Mrs. Gandee on their state law claims under Ohio Revised Code § 2307.70. *See id.* at 2 ("Plaintiffs' claims against Defendant Alisa Gandee include damages under Ohio Revised Code (O.R.C.) 2307.70 for ethnic intimidation. . . . In the present case, Defendant Alisa Dawn Gandee is the custodial parent of the minor D.G. whom Plaintiffs allege engaged in ethnic intimidation in violation of R.C. 2307.70 . . . ."); *id.* at 3 ("Plaintiffs request this Court enter a default judgment against Defendant Alisa Gandee for failing to serve an answer to Plaintiffs' complaint and award Plaintiffs compensatory damages of fifteen thousand dollars, court costs, and reasonable attorneys' fees in accordance with R.C. 2307.70(B)(1).").

The Clerk entered default against Mrs. Gandee on August 2, 2011. Doc. 43. Magistrate Judge Abel held a damages hearing on the matter a few weeks later, at which Mrs. Gandee and Mr. Gandee appeared. *See* doc. 53 at 1. Although the Clerk entered default against Mrs. Gandee, and although the Court referred the entry of default against Mrs. Gandee for a damages hearing, Plaintiffs orally moved at the damages hearing to add D.G. and Mr. Gandee to their motion for default judgment:

> MR. DAVIS-WILLIAMS: With that, Your Honor, because we have not been able to get service on [D.G.] himself or on Mr. Gandee, we would move at this point to amend the motion to include Mr. Gandee in the default judgment as well as [D.G.].

2

. . . .

> THE COURT: So you're seeking—What are you seeking? Default judgment against all three?
>
> MR. DAVIS-WILLIAMS: Yes, Your Honor.
>
> THE COURT: And is the service you rely on, has it been filed with the court and is it on the docket?
>
> MR. DAVIS-WILLIAMS: Yes, Your Honor. . . .

Doc. 80 at 66–67. Plaintiffs then put forth the following basis for default against D.G., Mrs. Gandee, and Mr. Gandee:

> MR. DAVIS-WILLIAMS: Your Honor, I just wanted to wrap up with a few of the statutes that are—that were in the complaint that are the bases for this. In particular, Ohio Revised Code 2307.70, and section (B), any person who suffers injury or loss to person or property as a result of an act committed in violation of several sections, including section 2927.12 of the Revised Code, by a minor child has a civil action against the parent of the minor child and may recover in that action compensatory damages not to exceed $15,000, court costs, other reasonable expenses incurred in maintaining that action, and reasonable attorney's fees incurred in maintaining an action. A parent and the parent's minor child are jointly and severally liable as specified in this division for the injury or loss to person or property caused by the minor child's act committed in violation of section 2909.05, 2927.11 or 2927.12 of the Revised Code.

*Id.* at 66.

The Magistrate Judge recommended granting the motion for default judgment. *See* doc. 53. The Magistrate Judge also recommended Plaintiffs "Jalisa Gibson, Shanay Gibson, J.W., Priscilla Wells, and William Wells each be AWARDED $2,500 in compensatory damages in addition to court costs, other reasonable expenses incurred in maintaining that action, and reasonable attorney's fees incurred in filing suit." *Id.* at 14. On December 7, 2011, the Court adopted the Magistrate Judge's report and recommendation, and thus granted default judgment against Defendants D.G., Larry Matthew Gandee, and Alisa Dawn Gandee for compensatory

3

damages, court costs and expenses in maintaining the action, and reasonable attorney's fees. Doc. 61. Following a subsequent motion, the Court denied relief from this judgment. Doc. 99.

This brings the case to the final remaining dispute. After Rhodes and Plaintiffs settled, and more than a year-and-a-half after default judgment against the remaining Defendants, Defendant D.G. submitted a "Memorandum Regarding Finality of Default Judgment." Doc. 135. The Court reads this as a motion for clarification regarding the default judgment against D.G.

## II.

Based on the briefing, the parties disagree about the answer to this question: Did the previous entry of default address all of Plaintiff's claims, both state and federal? If yes, then no further issues remain pending in this case. If no, and if the previous default just addressed the state-law claims, then this case is not over. D.G. argues that the answer is yes—the previous default entry addressed all of the claims in this case, both state and federal. Plaintiffs argue no— the default only applied to the state-law claims.

The Court finds that the record supports Plaintiffs' view. As the factual background provided at the outset made clear, all of Plaintiffs' arguments and most of the Court documents relating to the default judgment specifically reference the claim under Ohio Revised Code § 2307.70. *See* doc. 41 at 2–3 (Plaintiffs' motion for default judgment against Mrs. Gandee); doc. 53 at 12–13 (Magistrate Judge Abel's report and recommendation); doc. 61 at 9–10 (Order granting Plaintiffs' motion for default against D.G., Mrs. Gandee, and Mr. Gandee, and adopting Magistrate Judge Abel's report and recommendation); doc. 80 at 66–67 (transcript of the default judgment damages hearing before Magistrate Judge Abel). More, none of the Court's Orders, the Magistrate Judge's Orders, or Plaintiffs' default-related documents reference the federal

4

claims. In short, the Court finds that the default judgment against D.G. (and Mrs. Gandee and Mr. Gandee) came for Plaintiffs' state-law claims under Ohio Revised Code § 2307.70.

### III.

The Court's finding means two issues remain pending. The first is whether D.G. is indeed liable for the federal claims. According to Rule 55(a) of the Federal Rules of Civil Procedure, a plaintiff may request the Clerk of Court to enter default against a defendant who fails to put forth a timely answer or otherwise respond to the complaint. D.G. still has not answered the initial complaint, meaning default judgment is thus still in play. Accordingly, Plaintiffs are **DIRECTED** to choose one of the following options, and to do so within the next seven days— either move for default against D.G. as to the remaining federal claims, or dismiss the remaining federal claims against D.G.

Should Plaintiffs choose the first option and move for default, this will trigger the second issue—determining what, if any, damages D.G. owes on account of the federal claims. Rule 55(b)(2) provides that a court may hold a hearing on a motion for default judgment when "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." The Court does note, however, that the damages awarded against D.G. under the state claim will be considered in determining if any other damages are warranted for the federal claims. *See* doc. 61 at 10–11. Accordingly, in the event Plaintiffs move for—and the Clerk of Court enters—default against D.G. on the federal claims, the Court **ORDERS** a hearing as to the issue of damages on **Wednesday, December 18, 2013,** at **9:00 a.m.**

5

## IV.

For the foregoing reasons, the Court:

(1) **GRANTS in part** and **DENIES in part** D.G.'s motion for clarification, *see* doc. 135; D.G.'s motion is granted to the extent it requests clarification regarding the previous entry of default judgment from 2011, and it is denied with respect to D.G.'s assertion that the previous default judgment applied to Plaintiffs' claims under federal law;

(2) **DIRECTS** Plaintiffs to choose one of the following options within the next seven days— either move for default against D.G. as to the remaining federal claims, or dismiss the remaining federal claims against D.G.;

(3) And, in the event Plaintiffs move for—and the Clerk of Court enters—default against D.G. on the federal claims, **ORDERS** a hearing as to the issue of damages on **Wednesday, December 18, 2013,** at **9:00 a.m.**

**IT IS SO ORDERED.**


11-6-2013
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

6