UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM WELLS, et al.,
    Plaintiffs,

v.

Case No. 2:11-CV-00217
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

BRANDON RHODES, et al.,
    Defendants.

## OPINION AND ORDER

On Tuesday, April 1, 2014, this matter came before the Court for a hearing on Plaintiffs' unopposed motion for attorney's fees. Doc. 153.[1] For the reasons stated herein and in Court, Plaintiffs' motion is **GRANTED** in accordance with this Opinion and Order.

### I.

During the evening of March 2, 2011, Brandon Rhodes and D.G. wrote "Nigger" and "KKK will make you pay" with a permanent marker on a cross. Doc. 95 at 47; *see also, e.g.*, *Wells v. Rhodes*, 928 F. Supp. 2d 920, 922–25 (S.D. Ohio 2013) (providing a more detailed background of the facts of this case). The cross was five feet tall and four feet wide. After making the cross and writing their messages on it, D.G. and Rhodes drove to the home of Plaintiffs William Wells and Priscilla Wells; they placed the cross on the front lawn, poured gasoline on it, and lit it on fire. Doc. 93 at 25–28. The Wellses lived in Marengo, Ohio at the time with their four children: Plaintiffs Jalisa Gibson, Shanay Gibson, J.W., and J.D.W. *See* doc. 92 at 7. They are African Americans; both Rhodes and D.G. are white.

---

[1] Plaintiffs previously moved for default judgment in this case as to D.G. and the Gandees, doc. 139, which the Court granted, doc. 148. In doing so, the Court also read the motion as one for attorney's fees. This Opinion and Order, in other words, resolves any pending motions, doc. 153; doc. 139, pertaining to attorney's fees.

1

Following the cross burning, Plaintiffs filed this action on March 11, 2011 against Rhodes and D.G., as well as against Larry Matthew Gandee and Alisa Dawn Gandee. The complaint alleged violations of 42 U.S.C. § 1982, 42 U.S.C. § 1985(3), 42 U.S.C. § 3617 of the Fair Housing Act ("FHA"), and Ohio Revised Code § 2307.70. As to Defendant Rhodes, the Court granted Plaintiffs' motion for partial summary judgment on the issue of liability. *See Rhodes*, 928 F. Supp. 2d 920. Rhodes and Plaintiffs then reached a settlement before trial began. Doc. 133. As to D.G. and the Gandees, the Court has now awarded default judgment on both the state-law, doc. 61, and federal claims, doc. 148. Plaintiffs then moved for attorney's fees as to the federal claims, doc. 153, and the Court held a hearing on April 1, 2014 to resolve the motion. Defendants did not file a memorandum in opposition to the motion for attorney's fees, nor did they contest the motion at the hearing.

## II.

### A.

In determining the amount of reasonable attorney fees to award, the usual method is the "lodestar" approach. Under this approach, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) (noting that reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community"). Adequate billing records are essential for the court to make a reasonable attorney-fee award. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). With these principles in mind, the Court turns to consideration of Plaintiffs' motion for attorney fees.

2

Counsel for Plaintiffs submitted declarations and documentation to support the requested fee amount of $4,050. *See* doc. 153-1 (declaration of Plaintiffs' attorney, Mr. C. Raphael Davis-Williams); doc. 153-2 (itemized hours for Mr. Davis-Williams); doc. 153-3 (declaration of Mr. John S. Marshall in support of Mr. Davis-Williams' requested hourly rate). The documentation shows that Mr. Davis-Williams expended 18 hours at $225 per hour—for a total of $4,050—in pursuit of obtaining the default judgment on the federal claims against the remaining Defendants. Mr. Davis-Williams' itemized hourly break down of his time further shows that he spent his 18 hours of work in the following manner: 7 hours on drafting and research regarding Defendants' motion for reconsideration on the final judgment; 5 hours on drafting research on Plaintiffs' motion for default; and 6 hours on drafting and research on Plaintiffs' motion for judicial notice.

Considering the supporting documentation and in light of all the factors set out above, the Court grants Plaintiffs' motion for attorney's fees. Mr. Davis-Williams' hourly rate of $225 is reasonable, as is the 18 hours of work Mr. Davis-Williams expended in obtaining a favorable result on his clients' claims under federal law. Multiplying the two yields a lodestar amount of $4,050, which enjoys a strong presumption of reasonableness, *see City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Although the lodestar amount may be adjusted for various reasons, *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio 2004), the Court finds no reason to do so here. For these reasons, the Court grants Plaintiffs' motion and awards attorney's fees in the amount of $4,050.00 for Plaintiffs' claims under federal law.

**B.**

The Court also grants Plaintiffs request for a summary account of the awards obtained against D.G. and the Gandees to date. In doing so, the Court directs entry of final judgment as to D.G. and the Gandees in the following amounts: (1) $12,500 in compensatory damages as to the

3

state-law claims, *see* doc. 61 at 1–2; (2) $26,139.13 in attorney fees as to the state-law claims, *see* doc. 107 at 4–5; (3) $5,000 in punitive damages for the violations of federal law, *see* doc. 148 at 5–6; (4) $4,050 in attorney fees as to the claims under federal law; and (5) for a total award amount of $47,689.13. The Court further notes that these awards resulted from Defendant D.G.'s willful and wanton violation of state and federal law for the cross burning that led to this case.

### III.

For the foregoing reasons, Plaintiffs' motion for attorney fees is **GRANTED**, doc. 139; doc. 153, and the Court accordingly awards $4,050 in attorney's fees as to the federal claims. The Court also **DIRECTS** entry of final judgment as to D.G. and the Gandees in accordance with this Opinion in Order for the total amount of $47,689.13, this amount being the total of all amounts heretofore awarded in this case against the Gandees.

**IT IS SO ORDERED.**

4-9-2014
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**