UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM WELLS, et al.,
    Plaintiffs,

v.

BRANDON RHODES, et al.,

    Defendants.

Case No.: 2:11-cv-217
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendant D.G.'s Motion to Dismiss. (ECF No. 158.) For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I.

The factual background of this case has been briefed extensively in previous Orders. (*See* ECF Nos. 99, 148.) The Court, thus, will limit its discussion to the procedural background relevant to Defendant's Motion to Dismiss.

The initial Complaint was filed on March 11, 2011. (ECF No. 1.) An Amended Complaint was filed on April 7, 2011. (ECF No. 21.) Defendant D.G. was named in each Complaint. On April 7, 2011, this Court entered a Preliminary Injunction Order concerning D.G. (ECF No. 25.) During the pendency of the litigation, the Court granted default judgment against D.G. in three separate Orders. (ECF Nos. 61, 140, 148.) On February 24, 2014, Defendants D.G., Alisa Dawn Gandee, and Larry Matthew Gandee filed a Notice of Appeal regarding each Order for default judgment. (ECF No. 151.) After reviewing the Defendants' appeal, the Sixth Circuit affirmed the default judgment entered against Larry Gandee and vacated the default

judgments entered against D.G.[1] (ECF No. 155.) The Sixth Circuit examined the issue of lack of personal jurisdiction over D.G.:

> D.G. did not answer the complaint, file any pleadings, or make a personal appearance prior to the entry of default judgment against him. Nor was any answer pleading or formal appearance made *on his behalf* by either Alisa or Larry Gandee. Nether the appearance by Alisa Gandee at the hearing on the motion for default judgment against her, nor the waiver of the personal jurisdiction defense by Larry Gandee's participation in the hearing, can be deemed to have forfeited D.G.'s defense to the exercise of personal jurisdiction over him. Nor can his further conduct in the subsequent proceedings constitute forfeiture of the defense, where he moved for relief from judgment and preserved his objection to the court's jurisdiction in connection with the entry of the second default judgment against him. Thus, the default judgments entered with respect to D.G. are therefore void and it was error to deny relief under Rule 60(b)(4).

(*Id*. at 11) (emphasis in original.)

Accordingly, on December 16, 2014, this Court vacated the default judgments previously entered against D.G. (ECF No. 157.) In that same Order, the Court stated that if Defendants sought to pursue the issue of dismissal for failure to serve the complaint within 120 days, they needed to do so within the 21-day time limit. (*Id.*) D.G. subsequently filed his Motion to Dismiss on January 5, 2015. (ECF No. 158.) On March 3, 2015, the Magistrate Judge entered an Order directing Plaintiffs to file their responses, if any, by March 10, 2015. (ECF No. 161.) No responses have been filed. Defendant's Motion to Dismiss is, therefore, ripe for review.

## II.

Federal Rule of Civil Procedure 4(m) sets forth the time limit for service. It states, in relevant part:

---

[1] The default judgments entered against Alisa Gandee were not altered because, "[a]lthough the notice of appeal was also filed on behalf of Alisa Gandee, no claims of error have been raised with respect to the default judgment entered against her." (ECF No. 155 at 12 n.6.)

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Without waiver or proper service of process, the Court lacks personal jurisdiction over a defendant at issue. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

This Court has provided Plaintiffs with ample time in which to serve Defendant D.G., yet they have failed to do so. Rule 4(m) is clear that, if a defendant is not served within the 120 time frame, the Court must dismiss the action. Here, Defendant's Motion to Dismiss is uncontested, and Plaintiffs have failed to serve Defendant. This Court cannot exercise personal jurisdiction over D.G. Thus, Defendant's Motion must be granted.

### III.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Dismiss. (ECF No. 158.) The claims against Defendant D.G. are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_3-16-2015_
DATE

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3